UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------X
:
WILLIAM FELICIANO, :
:
                                                  Plaintiff, :
:
V. : **COMPLAINT**
:
CITY OF BRIDGEPORT, :
SGT. RONALD MERCADO, Individually and as a :
Sergeant of the Bridgeport Police Department, :
P.O. JOSEPH LAWLOR, Individually and as an :
Officer of the Bridgeport Police Department, :
P.O. JAMES HANLEY, JR., Individually and as an :
Officer of the Bridgeport Police Department, :
P.O. CHRISTINA ARROYO, Individually and as an : **JURY TRIAL**
Officer of the Bridgeport Police Department, : **DEMANDED**
P.O. JOSE SEPULVEDA, Individually and as an :
Officer of the Bridgeport Police Department, :
P.O. ELIZABETH SANTORA, Individually and as an :
Officer of the Bridgeport Police Department and :
P.O. CHRISTOPHER MARTIN, Individually and as an :
Officer of the Bridgeport Police Department. :
:
                                                  Defendants. :
------------------------------------------------------------------------X

The plaintiff, WILLIAM FELICIANO, by and through his attorney, Gary A. Mastronardi, Esq., complains and alleges as follows:

### I.    INTRODUCTION

1. This is an action to redress the deprivation by the above-named police defendants of certain rights secured to the plaintiff under the Fourth and Fourteenth

1

Amendments of the United States Constitution and under principles of statutory and common law of the State of Connecticut.

2. The injuries alleged herein to have been suffered by the plaintiff were all the direct and proximate result of certain outrageous and highly unprofessional police conduct engaged in by some or most of the defendants, jointly and severally, and observed and wrongfully permitted or tolerated by others, during the course of investigating and effecting the arrest of the plaintiff for having committed certain violations of Connecticut's motor vehicle laws.

## II.   JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §§1331, 1343(a)(3) and 1367(a), as well as 42 U.S.C. §1983.

4. Venue lies in this District under 28 U.S.C §1391.

## III.   THE PARTIES

5. The plaintiff, WILLIAM FELICIANO, is a citizen of the United States and a resident of the city of Bridgeport, Connecticut.

6. The defendant, CITY OF BRIDGEPORT, is a municipal corporation organized and existing under the laws of the State of Connecticut.

7. The defendant, RONALD MERCADO, is a uniform member of the Bridgeport Police Department. At all times hereinafter mentioned, defendant Mercado occupied the rank of sergeant. As such, defendant Mercado acts under color of state law.

8. The defendants, JOSEPH LAWLOR, JAMES HANLEY, JR., CHRISTINA ARROYO, JOSE SEPULVEDA, ELIZABETH SANTORA and CHRISTOPHER MARTIN, are all uniform members of the Bridgeport Police Department. At all times hereinafter mentioned, defendants Lawlor, Hanley, Arroyo, Sepulveda, Santora and Martin all occupied the rank of patrol officer. As such, these defendants act under color of state law.

## IV.   FACTS

9. On or about December 3, 2010, during the course of effecting a motor vehicle stop and custodial arrest of the plaintiff for motor vehicle violations arising from the reckless operation of plaintiff's motor vehicle, defendant Mercado and other police officers approached the plaintiff's parked vehicle, ordered him onto the ground at gunpoint, handcuffed him and, thereupon, for no reason whatsoever, repeatedly kicked, punched, beat and struck the plaintiff about the head, face, neck, ribs, arms, legs and other parts of his body while other officers, who were also present at the scene of plaintiff's arrest, watched and wrongfully permitted and tolerated plaintiff's beating, and did nothing whatsoever to prevent it, thereby causing the plaintiff to suffer serious physical, emotional and psychic injuries as more fully described below.

## COUNT ONE

**(42 U.S.C. §1983--As against all police defendants, jointly and severally)**

10. Paragraphs 1 though 9 are repeated and realleged as if fully set forth herein.

11. By reason of the foregoing acts, circumstances and events, the defendants, Mercado, Lawlor, Hanley, Arroyo, Sepulveda, Santora and Martin, acting in concert, under color of state law, and in reckless and/or callous disregard and/or indifference to plaintiff's federally protected rights, engaged in extreme and outrageous conduct which involved both: (a) the use of excessive and unreasonable force against the plaintiff during the course of effecting plaintiff's arrest; and, as to those officers who were present, but did not actually take part in the physically assaultive acts described above, (b) observing, witnessing, wrongfully permitting and tolerating, and taking no steps whatsoever to prevent, the aforesaid physically assaultive conduct, all in violation of rights secured to plaintiff Feliciano under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983.

12. As a direct and proximate result of the extreme and outrageous actions and inactions of the police defendants, undertaken during the course of effecting plaintiff's arrest, plaintiff suffered bilateral mandibular fractures, TMJ dislocation, dental fracture, mouth bleeding, head trauma resulting in severe headaches, severe swelling about the face and head, constant dizziness, vertigo and blurred vision and lesions,

cuts, lacerations, bruises and contusions to his face, head, hands, arms, ribs and body, as well as extreme difficulty in speaking and swallowing.

13. As a further direct and proximate result of the extreme and outrageous actions and inactions of the defendant officers, plaintiff has thus far been hospitalized three times and, on all three occasions, was required to undergo extensive and extremely painful maxillo-facial surgery in order to medically repair his broken and displaced jaw, and, on each such occasion, to endure the pain, suffering and anguish of having his jaw wired shut for an extended period of time. Also, after his first surgery, the plaintiff developed a severe infection in the mandibular areas where his first surgery was performed thereby resulting not only in the need for him to undergo a second surgery, but also additional and enhanced pain and suffering as well as the requirement that, in the future, he undergo a third surgery.

14. As a further direct and proximate result of the outrageous and abusive beating inflicted upon the plaintiff by the defendant officers while effecting the plaintiff's arrest, as well as the wrongful inaction on the part of other officers who were present and witnessed the beating, the plaintiff suffered extreme pain, extreme fear, and extreme mental and emotional distress and anguish.

15. As a further direct and proximate result of the abusive and outrageous beating inflicted upon the plaintiff by the defendant officers while effecting plaintiff's arrest, as well as the wrongful inaction on the part of other officers who were present and witnessed the beating, the plaintiff has been required to incur bills for large sums of

money for hospitalization, three separate maxillo-facial surgeries, medical treatment and care, rehabilitation, and medications, in order to reach maximum medical improvement in his condition.  Furthermore, because his condition is permanent, and because he may, in the future, be required to undergo yet another surgery, it is likely that, in the future, plaintiff will be required to expend additional sums for additional medical care, treatment and medications.

**COUNT TWO**
**(Battery--As against all police defendants, jointly and severally)**

16. Paragraphs 1 though 9 above are repeated and realleged as if fully set forth herein.

17. By reason of the foregoing acts, circumstances and events, the defendants purposefully, and/or with knowledge to a substantial certainty that a harmful and/or offensive physical contact would result, physically contacted the plaintiff in a harmful and/or offensive manner; and/or the defendants purposefully, and/or with knowledge to a substantial certainty that an apprehension of an imminent, harmful and/or offensive physical contact would result, attempted to cause the plaintiff to suffer an apprehension of an imminent, harmful and/or offensive physical contact.

18. Paragraphs 11 through 15 above are repeated and realleged as if fully set forth herein.

## COUNT THREE
**(Assault--As against all police defendants, jointly and severally)**

19. Paragraphs 1 through 9 above are repeated and realleged as if fully set forth herein.

20. By reason of the foregoing acts, circumstances and events, the defendants purposefully, and/or with knowledge to a substantial certainty that an apprehension of an imminent harmful and/or offensive physical contact would result, caused plaintiff to suffer an apprehension of an imminent harmful and/or offensive physical contact; and/or the defendants purposefully, and/or with knowledge to a substantial certainty that a harmful and/or offensive physical contact would result, attempted to physically contact plaintiff in a harmful and/or offensive manner and actually caused plaintiff to suffer an apprehension of an imminent harmful and/or offensive physical contact.

21. Paragraphs 11 through 15 above are repeated and realleged as if fully set forth herein.

## COUNT FOUR
**(Negligence--As against all defendants, jointly and severally)**

22. Paragraphs 1 through 9 above are repeated and realleged as if full set forth herein.

23. The physical, psychic and emotional injuries suffered by plaintiff Feliciano, as more fully described hereinafter, were the direct and proximate result of the carelessness and negligence of defendant Bridgeport acting through the defendant

police officers named herein who, at all times, were agents of Bridgeport, in that said police officers:

    (a) employed a degree of force in effecting the plaintiff's arrest which the defendants knew or should have known was not reasonably necessary;

    (b) failed to evaluate the need for, and attendant risks of, the use of the amount of force that was used, or to balance the degree of force to be applied with the need for such force; and

    (c) as to those officers who did not directly take part in the physically assaultive conduct described above, failed to take specific actions to prevent other officers from inflicting said injuries upon the plaintiff when said officers either knew or should have known that inaction on their part would result in such injuries.

24. Paragraphs 11 through 15 above are repeated and realleged as if fully set forth herein.

## COUNT FIVE
### (Municipal Liability--As against defendant Bridgeport)

25. Paragraphs 1 through 15 above are repeated and realleged as if fully set forth herein.

26. Paragraphs 21 through 23 above are repeated and realleged as if fully set forth herein.

27. Pursuant to Conn. Gen. Stats. §§ 52-557n (a)(1)(A), 7-101a and 7-465, the City of Bridgeport is liable for the acts of its police employees alleged in Counts One

and Four herein constituting violations of plaintiff's civil rights and negligence, respectively, as alleged in said counts, which caused the injuries alleged herein to have been suffered by the plaintiff.

    28.    Pursuant to Conn. Gen. Stats. § 7-465, the plaintiff provided notice of his claims to the City of Bridgeport by certified mail on or about February 8, 2011. A copy of said notice is annexed hereto as Exhibit A.

WHEREFORE, plaintiff claims judgment against the defendants as follows:

<u>As to Count One</u>:

<u>As to all police defendants, jointly and severally</u>:

1. Compensatory damages in an amount not yet fully ascertained, but not less than $2.5 million;

2. Punitive damages in an amount not less than $1 million, in accordance with 42 U.S.C. § 1983;

3. An award of costs and reasonable attorney's fees in accordance with 42 U.S.C. § 1988; and

4. Such other relief as the Court may deem appropriate.

<u>As to each of Counts Two and Three</u>:

<u>As to all police defendants, jointly and severally</u>:

1. Compensatory damages in an amount not yet fully ascertained, but not less than $2.5 million;

2. Punitive damages; and

3. Such other relief as the Court may deem appropriate.

<u>As to Count Four</u>:

<u>As to all defendants, jointly and severally</u>:

1. Compensatory damages in an amount not yet fully ascertained, but not less than $2.5 million;

2. Interest and costs; and

3.      Such other relief as the Court may deem appropriate.

As to Count Five:

As to defendant Bridgeport only:

1.      Compensatory damages in accordance with 42 U.S.C. § 1983 and Conn. Gen. Stats. §§ 52-555n and 7-465, in an amount not yet fully ascertained, but not less than $2.5 million;

2.      Punitive damages in an amount not less than $1 million, in accordance with 42 U.S.C. § 1983 and Conn. Gen. Stats § 7-101a;

3.      Interest, costs and reasonable attorney's fees in accordance with 42 U.S.C. § 1988; and

4.      Such other relief as the Court may deem appropriate.

Dated:  Bridgeport, Connecticut
        December 2, 2011

                                        THE PLAINTIFF,
                                        WILLIAM FELICIANO

                                By:     _____
                                        Gary A. Mastronardi
                                        211 State Street
                                        Bridgeport, Connecticut 06604
                                        Tel: 203-368-0411
                                        Fax: 203-368-6875
                                        gamlaw@snet.net
                                        ct06312

                                        His Attorney

# Exhibit A

THE LAW FIRM OF

# GARY A. MASTRONARDI

211 STATE STREET

BRIDGEPORT, CONNECTICUT 06604

GARY A. MASTRONARDI+

EDWARD T. MURNANE, JR.*

+ALSO ADMITTED IN NEW YORK
*ALSO ADMITTED IN NEW YORK & WASHINGTON, D.C.

TEL (203) 368-0411
FAX (203) 368-6875
EMAIL: gamlaw@snet.net

**CERTIFIED MAIL**

February 8, 2011

Alma Maya, Town Clerk
City of Bridgeport
45 Lyon Terrace
Bridgeport, CT 06604

Re: **NOTICE OF INTENT TO SUE**
**Claimant:** William Feliciano
**Address:** 1678 Fairfield Ave.
Bridgeport, CT
**Place:** 17/31 Gilmore Street
Bridgeport, CT
**Date:** December 3, 2010
Approx. 7:00 p.m.

Dear Ms. Maya:

    Pursuant to Conn. Gen. Stats. §§ 7-465, 7-101a, and 52-557n(a)(1)(A), notice is hereby given that this office represents William Feliciano, the above-referenced claimant, and that William Feliciano intends to bring a civil action against the City of Bridgeport, Bridgeport Police Sergeant Ronald Mercado, Police Officer Joseph Lawlor, Police Officer James Hanley, Jr., Police Officer Christina Arroyo, Police Officer Jose Sepulveda, Police Officer Elizabeth Santora, Police Officer Christopher Martin and other Bridgeport police officers whose identities, at this time, have not yet been ascertained.

    In said civil action, the claimant intends to assert against the aforesaid named and unnamed officers, violations of the Civil Rights Act, 42 U.S.C. § 1983, as well as common law claims of negligence, battery and assault, and to seek monetary damages for extremely serious injuries he suffered as a result thereof, on the above-referenced date and time, and at the above-

referenced location, when, while acting in the performance of their official duties, and within the scope of their employment as Bridgeport police officers, the aforesaid officers (a) used excessive and unreasonable force against William Feliciano during the course of effecting his arrest, and/or (b) witnessed officers physically assaulting Mr. Feliciano and wrongfully permitted, tolerated and/or failed to prevent said assaultive acts, causing Feliciano to suffer serious and debilitating injuries to his jaw, face, head, neck, arms, legs, ribs and body, and causing extremely serious psychic and emotional injuries as well.

      The above-referenced officers, named and unnamed, in acting as they did, demonstrated a reckless and callous disregard for the very constitutional rights of Mr. Feliciano which, as police officers, they were sworn to protect. The officers violated Mr. Feliciano's civil rights both by using unreasonable and excessive force against him in effecting his arrest, and, as to those officers who did not take direct part in the assaultive conduct alleged, by wrongfully failing to take proper steps to prevent other officers from using such force, and the officers were negligent in that they knew or should have known, at the time they arrested Mr. Feliciano, that their improper actions and/or inaction would cause the extremely serious physical and psychic injuries he suffered.

Very truly yours,<br><br>Gary A. Mastronardi

GAM/tlm